IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVESTER RICE | ) | Case No. 5:18-cv-01220-PAG |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I.      Introduction**

Plaintiff, Sylvester Rice, filed a complaint challenging the final decision of the Commissioner of Social Security denying his application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before me pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. I recommend that plaintiff's IFP application be DENIED.

**I. Relevant Background Information**

On May 30, 2018, plaintiff filed a complaint challenging the final decision of the commissioner denying his applications for disability and disability insurance benefits. *See* ECF Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. *See* ECF Doc. 2.

In the affidavit and application to proceed without prepayment of fees, Rice states he receives $1,456 per month, his spouse receives $3,490 per month, and their total monthly income

is $4946. *See* ECF Doc. 2; Page ID# 18-19. He represents that he contributes a total of $1,300 in monthly support for his two daughters and his foster daughter. *Id*. at 20. Plaintiff asserts that "[a]ll of me and my wife payments is for support of our family and my two daughters and my foster daughter that we mentor." Id. at 21. He represents that his and his spouse's total monthly expenses total $4900.87, including $840.00 for rent or home mortgage, $407.87 for utilities, $1,300 for food, $1,000 for clothing, and other expenses. *Id*. at 20-21. After these expenses are deducted, plaintiff's household appears to have an approximate monthly surplus of approximately $45. But the court considers that Rice would not actually incur each of the alleged monthly expenses every month. Also, Rice and his spouse have $200 in cash and $200 in savings. *Id*. at 19. Thus, Rice and his spouse should have enough financial resources to cover the cost of the $400 filing fee in this case. *See* Fee Schedule, United States District Court Northern District of Ohio (May 30, 2018), http://www.ohnd.uscourts.gov/fee-schedule.

**II. Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore. *See* 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse or other family members," as well as equity in real estate and automobiles.  *Helland v. St. Mary's Duluth Clinic Health Sys.,* No. 10-31, 2010 WL 502781, *1, n. 1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.,* No. 12-CV-14424, 2012 WL 5457466, *2, (E.D. Mich. Oct. 16, 2012); *see also*, *Reynolds v. Crawford,* No. 1:01-cv-877, 2009 WL 3908911, *1 (S.D. Ohio Nov. 17, 2009)  It is within the court's discretion whether to allow a litigant to proceed IFP.  *Foster,* 21 Fed. App'x at 240.

Here, Rice's application reflects that he and his spouse receive enough monthly income to cover the couples' basic expenses and support their children, and that $45 remains for other discretionary monthly expenses.  *See* ECF Doc. 2.  Considering that Rice has ample assets and cash flow, is able to spend $1,300 per month on food and $1,000 per month on clothing, and still have $200 in cash remaining, it appears that Rice would only need to make a slight budget adjustment to be able pay the $400 filing fee.  *Id*.  It does not appear that Rice is unable to pay the filing fee.  Rather, it appears that this is a case in which Rice must "weigh the financial constraints posed by pursuing [plaintiff's] complaint against the merits of [plaintiff's] claims." *Behmlander,* 2012 WL 5457466 at *2.  I find that plaintiff is not eligible to proceed IFP in this case and recommend that the court DENY plaintiff's IFP application and require him to pay the filing fee within a reasonable time.

Dated: May 30, 2018

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).